

## LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

January 31, 2020

<u>Via ECF</u>
Hon. Steven M. Gold, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Franco, et al v. Galvis & Musa Corp., et al
        Case No.: 19-cv-03828

Your Honor,

  This office represents the Named Plaintiff as well as the opt in plaintiffs in the above referenced action brought under the Fair Labor Standards Act and New York Labor Law. We write to request the Court sanction Defendants' counsel for egregiously filing settlement communications on the public docket.

  Earlier today, Defendants' counsel, Jason Mizrahi, Esq. filed a request for a settlement conference before the Court. D.E. 31. In that filing, Mr. Mizrahi specifically states (incorrectly) Plaintiffs' demand in this action and attaches an email from Plaintiffs' counsel which was labeled as "Private Settlement Communication" and subject to FRE 408 and CPLR 4547. There was no need for Mr. Mizrahi to attach the document in question or to state the Plaintiffs' settlement position on the public docket[1] in order to make a request for a settlement conference. Moreover, the filing was objectively unreasonable and entirely improper. *See, Calka v. Kucker Kraus & Bruh*, 167 F.3d 144, 146 (2d Cir. 1999) (discussing the need to maintain confidentiality of settlement discussions in court settlement conferences because the disclosure of such communications "would have a chilling effect" on the parties; and finding that disclosure was "highly improper and will not be condoned.").

  Given Mr. Mizrahi's willful violation of the contemplated confidentiality surrounding settlement negotiations, we believe sanctions are appropriate. Specifically, we believe monetary sanctions to be paid by Mr. Mizrahi or his firm, in an amount to be determined by the Court and/or admonishment for Mr. Mizrahi's conduct are appropriate. *See*, *Bernard v. Galen Group, Inc.*, 901 F. Supp. 778, 782-84 (S.D.N.Y. 1995) (sanctioning counsel for disclosing the terms of two

---

[1] The filing has since been restricted to Court personnel only.

settlement offers, including specific dollar amounts, in the amount of $2,500.00); *E-Z Bowz, L.L.C. v. Professional Prod. Res. Co., Inc.*, 00 Civ. 8670 (LTS)(GWG), 2003 U.S. Dist. LEXIS 18774, 2003 WL 22416174, at *3 (S.D.N.Y. Oct. 23, 2003) (admonishing attorney for disclosing confidential settlement communications from court-sponsored settlement conference).

As such, it is requested the Court sanction Mr. Mizrahi and/or his firm, Levin-Epstein & Associates, P.C. for their egregious behavior.

Thank you.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

By Amit Kumar (AK 0822)
*Attorneys for the Named Plaintiff as well as the putative Class and Collective*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com

CC:
Defense Counsel (via ECF)