# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Ave. • Suite 2525 • New York, NY 10170
T: 212.792-0048 • E: Jason@levinepstein.com

January 31, 2020

**<u>Via Electronic Filing</u>**
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Monica Franco v. Galvis & Musa, Corp. et al.*
               <u>Case No.: 1:19-cv-03828</u>

Dear Honorable Magistrate Judge Gold:

      This law firm is counsel to Defendants Galvis & Musa, Corp. d/b/a Delicias Tropical Restaurant and Maria Galvis (together, the "**Defendants**") in the above-referenced matter.

      Pursuant to Your Honor's Individual Motion Practice Rule 1(A), this letter respectfully serves as a response to Plaintiffs' letter motion for sanctions. [Dckt. No. 32].

      As an initial matter, simultaneously with the filing of this letter, the undersigned attorney has contacted the Court Clerk to remove Exhibit "A" to Defendants' letter motion requesting a Settlement Conference. The undersigned has been informed that the Exhibit has been removed from the Court's docket. It is worth noting that Plaintiffs' counsel made no effort to contact the undersigned prior to filing his letter motion, which would have obviated unnecessary motion practice.

      Regardless, Plaintiffs' motion fails to adequately address the legal principles and requirements behind the sanctioning of lawyers. Plaintiffs cited *Bernard v. Galen Group*, 901 F. Supp. 778 (S.D.N.Y. 1995) for the proposition that counsel should be sanctioned. *Galen Group* does not provide a basis for awarding fees in this case. In *Galen Group*, the district court found that counsel had actively sought to curtail mediation, opposing it from the outset and willfully and deliberately setting out to frustrate it. *Galen Group* at 784. The series of events in *Galen Group* have not occurred here, and counsel for Defendants have never willfully deliberately sought to undermine the alternative dispute resolution process.

      Next, FRE 408 only bars the admission of evidence of offers of compromise and settlement *to prove liability or invalidity of the claim*, but not inadmissible if offered for some other purpose[1]. *See* Fed.R.Evid. 408; *Starter Corp. v Converse, Inc*., 170 F3d 286, 293 [2d Cir 1999]. Here, Plaintiffs counsel's January 23, 2020 email was only being offered to underscore that the need for

---
[1] *See also Ausherman v Bank of Am. Corp.,* 212 F Supp 2d 435, 455 [D Md 2002] ("for those who see within Evid. Rule 408 the reflection of their own ingenuity at having discovered a means to lie, threaten, or coerce with impunity to negotiate a settlement advantageous to their clients, the sanctuary they perceive is illusory. The rule itself, on its face and interpreted as it must be—under Evid. Rule 102 to obtain a fair and just result—allows no such use. Nor will the courts allow a rule intended to promote the fair resolution of disputes to be perverted by a use that would undermine the very reason for its existence.")

an emergency settlement conference. Court scrutiny of Plaintiffs' financial interests is warranted here.

      Plaintiffs' conclusory allegations in their motion are inadequate to impose sanctions, and are unsupported by federal jurisprudence or the facts of this matter. The motion should be denied, and the undersigned respectfully requests to schedule a Settlement Conference before Your Honor in the above-referenced action as soon as practicably possible

      Thank you, in advance, for your time and attention.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
    Jason Mizrahi
    420 Lexington Ave., Suite 2525
    New York, NY 10170
    Tel.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants Galvis & Musa,*
    *Corp. d/b/a Delicias Tropical Restaurant*
    *and Maria Galvis*

To:    All Counsel of Record (via ECF)