UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MONICA FRANCO On Behalf of Herself and        Case No: CV-19-03828
All Others Similarly Situated,

               Plaintiffs

      vs.


GALVIS & MUSA, CORP. d/b/a DELICIAS
TROPICAL RESTAURANT, ZULMA MUSA
and MARIA GALVIS,

              Defendants.
-----------------------------------------------------------------X

## PROPOSED JOINT PRE-TRIAL ORDER

    The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

### I.    FULL CAPTION OF THE ACTION

The Parties respectfully refer the Court to the caption above.

### II.    TRIAL COUNSEL

Trial Counsel for Plaintiffs:

Amit Kumar, Esq.
The Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, New York 10018
Tel: (212) 583-7400
Fax: (212) 583-7401
E-mail: AKumar@CafaroEsq.com

Trial Counsel for Defendants

Levin-Epstein & Associates, P.C.
Jason Mizrahi
Joshua Levin-Epstein
420 Lexington Avenue, Suite 2525
New York, NY 10170
212-792-0046
Fax: 212-563-7108
Email: joshua@levinepstein.com
        jason@levinepstein.com

1

### III. SUBJECT MATTER JURISDICTION

Plaintiff's Statement:

Plaintiffs assert that subject matter jurisdiction exists over their Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331, insofar as the FLSA is a federal statute, 29 U.S.C. §§ 201 *et seq.*, and thus presents a federal question. With respect to Plaintiffs' New York Labor Law ("NYLL") claims, it is asserted that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 as the NYLL claims share a common nucleus of operative facts with the FLSA claims.

Defendants' Statement

Defendants do not contest subject matter jurisdiction.

### IV. CLAIMS AND DEFENSES

Plaintiffs' Statement

This is an action for money damages brought by the Named Plaintiff Monica Franco ("Franco"), as well as opt-in Plaintiffs Katherine Lopez ("Lopez") and Roger Alvarez ("Alvarez") (collectively, Franco, Lopez, and Alvarez are "Plaintiffs"). Plaintiffs bring this suit alleging minimum wage and overtime violations of the FLSA and the NYLL as well as minimum wage, overtime and the spread of hours' violations under the NYLL and the wage orders of the New York Commission of Labor codified in the New York Codes, Rules and Regulations ("NYCRR") specifically, 12 NYCRR §146, *et seq.* Plaintiffs further bring this suit for statutory violations of the NYLL. Plaintiffs assert the following claims, all of which remain to be tried:

     a.    **Violation of the Minimum Wage Provisions of the FLSA**. Plaintiffs allege that Defendants were their employers and willfully failed to pay them the required minimum wage under the law. 29 U.S.C. §§ 206, 216, 255.

     b.    **Violation of the Minimum Wage Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and willfully failed to pay them the required minimum wage under the law. NYLL §§ 652 (1), 663; 12 NYCRR §146-1.2.

     c.    **Violation of the Overtime Wage Provisions of the FLSA**. Plaintiffs allege that Defendants were their employers and willfully failed to pay their overtime at 1.5 times their regular rate hour hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255.

     d.    **Violation of the Overtime Wage Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and willfully failed to pay them overtime at 1.5 times their regular rate for hours above 40 worked in a week. 12 NYCRR §146-1.4.

     e.    **Violation of the Spread of Hours Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and willfully failed to pay them an additional hour's pay for each

day that the interval between the beginning and end of their workdays were more than ten hours. 12 NYCRR § 146-1.6.

  **f.**  **Violation of the Notice and Recordkeeping Provisions of the NYLL**. Plaintiffs allege that Defendants were their employers and failed to provide them with a written notice, in English and Spanish (Plaintiff's primary language), of their rate of pay and other information as required by the NYLL § 195(1).

  **g.**  **Violation of the Wage Statement Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and failed to provide them with wage statements together with each payment of wages, as required by NYLL §195(3).

## Defendants' Statement

Plaintiff filed this suit on July 1, 2019, seeking unspecified damages and attorneys' fees for alleged breaches of the FLSA and applicable New York state labor law. By any measure, this case involves a "small" business, where the Company's inability to pay constitutes a practical problem for a settlement. Defendants assert the following defenses, all of which remain to be tried.

**Plaintiffs' Minimum Wage, Overtime, and Spread-of-Hours Allegations are Grossly Exaggerated, and Do Not Reflect Defendants' Payroll and Timekeeping Records**

According to the Complaint, lead Plaintiff Monica Franco allegedly "regularly worked more than 40 hours per week for Defendant", at times up to 60 hours per week, and 11 hours per day. This critical factual allegation is undermined by the actual records of the Corporate Defendant, which includes time records and payroll records; in addition, the plaintiffs' allegation concerning hours worked defies logic because the store's hour of operation combined with the record of the orders, which are all electronically maintained, show that it is physically impossible for the Plaintiffs to have worked the hours alleged in the Complaint.

**The Personal Liability of Individual Defendant Maria Galvis Must be Limited to When She Started Operating the Business, Beginning in January 2018.**

At the outset of this action, Defendants provided business records evidencing the following:

1. On or around April 2017, individual defendants Maria Galvis and Zulma Musa purchased the subject restaurant where Plaintiffs worked.

2. From April 2017 to January 2018, Maria Galvis was a passive investor in the business.

3. On or around January 3, 2018, Maria Galvis purchased Zulma Musa's interest in the business.

4. From January 3, 2018 onwards, Maria Galvis operated the business.

3

From April 2017 to January 2017, individual defendant Maria Galvis was a passive investor of the Corporate Defendant. This was the full extent of Ms. Galvis' involvement with the Corporate Defendant during this time. She never exercised operational control over the Company's day-to-day functions, nor did she exercise control over the nature or the structure of any employment relationships. Thus, there is no legal or evidentiary basis to support a finding of individual liability against Maria Galvis from April 2017 to January 2017. *Yu Y. Ho v. Sim Enterprises, Inc.*, No. 11 CIV. 2855, 2014 WL 1998237, at *11 (S.D.N.Y. May 14, 2014).

### V.     JURY OR BENCH TRIAL

This case is to be tried with a jury. The Parties believe three trial days are needed.

### VI.    CONSENT TO TRIAL BEFORE A MAGISTRATE

All parties have **not** consented to trial by a Magistrate.

### VII.   JOINT STIPULATIONS OF LAW AND FACT

Joint Stipulations of Fact

1.   The Plaintiffs filed this action in the United States District Court in the Eastern District of New York on July 1, 2019.

2.   Each of the Plaintiffs correctly filed a consent to become a party of this action on July 1. 2019.

3.   Each Defendant was timely served with the Complaint.

4.   Galvis & Musa, Corp. is located at 93-16B 37th Avenue, Jackson Heights, NY 11372.

Joint Stipulations of Law

1.   The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

2.   The statute of limitations under the New York Labor Law is six years. N.Y. Lab. Law §§ 198(3), 663(3).

3.   From 2016 through 2019, Defendants' were engaged in interstate commerce within the meaning of the FLSA.

## VIII.   TRIAL WITNESSES

Plaintiff's Statement

  a. Named Plaintiff Monica Franco will be called to testify at trial. Mrs. Franco will testify, pursuant to her best recollections, to her employment with the Defendants. This testimony will include her job responsibilities, the hours she worked, the pay she received, the Defendants' policies regarding same, as well as the documentation she received during this employment. Mrs. Franco will further testify to the employer-employee relationship between herself and Defendants.

  b. Opt-In Plaintiff Katherine Lopez will be called to testify at trial. Ms. Lopez will testify, pursuant to her best recollections, to her employment with the Defendants. This testimony will include her job responsibilities, the hours she worked, the pay she received, the Defendants' policies regarding same, as well as the documentation she received during this employment. Ms. Lopez will further testify to the employer-employee relationship between herself and Defendants.

  c. Opt-In Plaintiff Roger Alvarez will be called to testify at trial. Mr. Alvarez will testify, pursuant to his best recollections, to his employment with the Defendants. This testimony will include his job responsibilities, the hours he worked, the pay he received, the Defendants' policies regarding same, as well as the documentation he received during this employment. Mr. Alvarez will further testify to the employer-employee relationship between herself and Defendants.

| Witness Name | Objection | Basis for Objection |
|---|---|---|
|  |  |  |

Defendants' Statement

  a. The individual defendant Maria Galvis will be called to testify at trial. Mrs. Franco will testify, pursuant to her best recollections, to Plaintiffs' employment with the Defendants. This testimony will include her operational control over the Company's day-to-day functions, her control over the nature or the structure of any employment relationships, Plaintiffs' job responsibilities, the hours Plaintiffs' worked, the pay Plaintiffs' received, the Defendants' policies regarding same, as well as the documentation Plaintiffs received during this employment. Mrs. Galvis will further testify to the employer-employee relationship between herself and Plaintiffs.

  b. Claudia Pelaz will be called to testify at trial. Mrs. Pelaz will testify, pursuant to her best recollections, to Plaintiffs' employment with the Defendants. This testimony will include the individual Defendants' operational control over the Company's day-to-day functions, the individual Defendants' control over the nature or the structure of any employment relationships, Plaintiffs' job responsibilities, the hours Plaintiffs' worked, the pay Plaintiffs' received, the Defendants' policies regarding same, as well as the documentation Plaintiffs received during this employment. Mrs. Pelaz will further testify to the employer-employee relationship between Defendants and Plaintiffs

c. Kimberly "Doe" will be called to testify at trial. Mrs. "Doe" will testify, pursuant to her best recollections, to Plaintiffs' employment with the Defendants. This testimony will include the individual Defendants' operational control over the Company's day-to-day functions, the individual Defendants' control over the nature or the structure of any employment relationships, Plaintiffs' job responsibilities, the hours Plaintiffs' worked, the pay Plaintiffs' received, the Defendants' policies regarding same, as well as the documentation Plaintiffs received during this employment. Mrs. "Doe" will further testify to the employer-employee relationship between Defendants and Plaintiffs

d. Jose Garcia. will be called to testify at trial. Mr. Garcia will testify, pursuant to his best recollections, to Plaintiffs' employment with the Defendants. This testimony will include the individual Defendants' operational control over the Company's day-to-day functions, the individual Defendants' control over the nature or the structure of any employment relationships, Plaintiffs' job responsibilities, the hours Plaintiffs' worked, the pay Plaintiffs' received, the Defendants' policies regarding same, as well as the documentation Plaintiffs received during this employment. Mr. Garcia will further testify to the employer-employee relationship between Defendants and Plaintiffs

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| Claudia Pelaz | FRCP 26/ FRE 403 | Defendants failed to disclose this witness during discovery. |
| Kimberly "Doe" | FRCP 26/ FRE 403 | Defendants failed to disclose this witness during discovery. |
| Jose Garcia | FRCP 26/ FRE 403 | Defendants failed to disclose this witness during discovery. |

Plaintiffs reserve the right to move *in limine* to exclude these witnesses.

## IX. DEPOSITION TRANSCRIPTS

N/A.

## X. EXHIBITS

Plaintiffs' Exhibits

| Exhibit Designation | Description | Objections | Responses |
|---|---|---|---|
| 1 | | | |

Defendants' Exhibits

| Exhibit Designation | Description | Objections | Responses |
|---|---|---|---|
| D-1 | 2018-0103 Contract | FRE 401, FRE 402, FRE 403, FRE 802, FRE 901 | |
| D-2 | Purchase of Business Agreement | FRE 401, FRE 402, FRE 403, FRE 802, FRE 901 | |
| D-3 | Time Records | FRE 401, FRE 402, FRE 403, FRE 802, FRE 901 | |
| D-4 | Tax Returns | FRE 401, FRE 402, FRE 403, FRE 802, FRE 901 | |
| | | | |

Plaintiff reserves the right to move *in limine* to exclude these documents.

## XI. RELIEF SOUGHT

The Plaintiffs seek judgment against the Defendants as follows:

A. Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA ;
B. Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA;
C. Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;
D. Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;
E. Unpaid spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;
F. Statutory penalties of fifty dollars for each work day that Defendants failed to provide the Plaintiffs, and each of them, with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;
G. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide the Plaintiffs with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;
H. Prejudgment and post-judgment interest;

      I.      Reasonable attorneys' fees and costs of the action; and
      J.      Such other and further relief, in law or equity, as this Court may deem appropriate

**SO ORDERED**

Dated: Brooklyn, New York,

_____

                                                  _____
                                                  U.S.D.J