

| | | |
|---|---|---|
| *William Cafaro, Esq.*<br>*Partner*<br>ADMITTED IN NY, CA, MD & TX<br>Email: bcafaro@cafaroesq.com | **LAW OFFICES OF WILLIAM CAFARO**<br><br>108 West 39th Street, Suite 602<br>New York, New York 10018<br>Telephone: 212.583.7400<br>Facsimile: 212.583.7401<br>www.cafaroesq.com | *Louis M. Leon, Esq.*<br>*Associate*<br>ADMITTED IN NY<br>Email: lleon@cafaroesq.com |
| *Amit Kumar, Esq.*<br>*Managing Attorney*<br>ADMITTED IN NY & NJ<br>Email: akumar@cafaroesq.com | | *Matthew S. Blum, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY<br>Email: mblum@cafaroesq.com |
| *Andrew S. Buzin, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY, FL & DC | | *Deena L. Buchanan, Esq.*<br>*Of Counsel*<br>ADMITTED IN NM & NJ |

September 16, 2020

<u>*Via ECF*</u>
Honorable Eric R. Komitee, U.S.D..J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Franco, et al v. Galvis & Musa Corp. et al
         Case No.: 19-cv-3828

Your Honor:

  This is a joint request for approval[1] of the Partial Settlement and Release Agreement[2] in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. *See, Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The fully executed Partial Settlement and Release Agreement ("Agreement") is appended as Exhibit "1".

**I. Background and Claims**

  The Plaintiff Monica Franco ("Franco") filed this complaint on behalf of herself and all others similarly situated on July 1, 2019. That same day, two opt-in plaintiffs, Katherine Lopez ("Lopez") and Roger Alvarez ("Alvarez") opted into the action. The complaint sought damages for Defendants' alleged violations of the FLSA and NYLL. On July 24, 2019 Defendants Galvis & Musa Corp ("Delicias") and Maria Galvis ("Galvis") filed an Answer to the Plaintiffs' Complaint. On September 4, 2019, Plaintiffs received a clerk's certificate of default against the non-answering defendant Zulma Musa.

  According to Plaintiff Franco, she worked for the Defendants as a waitress from May 2013 to mid December 2014 then again from January 2016 to March 8, 2019. According to her best

---

[1] Defendants only join sections I, II, and III of this request for approval and take no position on section IV of this letter which deals directly with Plaintiff's counsel's request for attorneys' fees and costs.

[2] This letter is tendered pursuant to Rule 408 of the Federal Rules of Evidence and § 4547 of the C.P.L.R., with the express understanding that no part hereof or any document submitted herewith may be utilized for any purpose if the Agreement is not approved and litigation must go forward, nor may any of the content or any related documents be used for any purpose except to enforce the Agreement.

57438/0005-21147813v1

recollections, she was paid on a day rate which began at $40.oo per day worked and increased over time to $60.00 per day.  Further according to her best recollections she worked between 35 and 60 hours per week.

According to Plaintiff Alvarez, he worked for the Defendants as a waiter from March 2015 to March 3, 2019.  According to his bet recollections, he was paid on a day rate which began at $40.00 per day and was later increased to $50.00 per day.  Further according to his best recollections, he worked between 45 and 67 hours per week.

According to Plaintiff Lopez, she worked for the Defendants as a waitress from August 2014 to August 2018 and again from January 2019 to March 2019. According to her best recollections, she was paid on a day rate which began at $40.00 per day and over time increased to $60.00 per day.  Further, according to her best recollections, she worked between 40 and 60 hours per week.

The Defendants dispute the Plaintiffs' claims, both as to any alleged underpayment and as to the alleged wage notice and wage statement violations.  In challenging the viability of their claims, Defendants raised various defenses, produced some wage and hour records which they claim contradict the Plaintiffs' recollections as to the dates worked, the hours worked and the amounts paid.  Lastly, Defendants raised ability to pay as a defense in this action, producing documents evidencing that they would imminently file for bankruptcy (including an unfiled bankruptcy petition).

After the filing of the complaint, the parties engaged in arm's length settlement discussions. To that end, the Parties engaged in a settlement conference with the Honorable Magistrate Judge Gold which after several hours of negotiation, resulted in the attached settlement agreement.

## II.    The Settlement Reached Between the Parties

According to the Plaintiffs' best recollections, they are owed $308,066.79 in unpaid wages exclusive of liquidated damages, interest, statutory damages and attorneys' fees and costs. Therefore, with this settlement of $50,000.00 the Plaintiffs are receiving 16% of their owed wages based on their best recollections.

Plaintiffs believe that the $50,000.00 settlement is a fair compromise to resolve this case against the answering defendants without further litigation and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation. While Plaintiffs were confident that they would be able to challenge the Defendants' inferences successfully, there was a credible threat that Defendants would not be able to pay any judgment.  Lastly, each settling party is represented by counsel experienced in wage and hour practice.

The Agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims in the totality of the circumstances.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation, and Plaintiffs prefer to receive their proceeds without the inevitable delay and significant risks that continued litigation would entail.

57438/0005-21147813v1

### III. The Court Should Find the Proposed Settlement Fair and Reasonable

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky*, *supra* at 335.

<u>Plaintiff's Range of Possible Recovery</u>

As stated above, the proposed settlement represents 16% of Plaintiffs' calculation of the unpaid wages they are owed. Considering the obstacles Plaintiffs faced in litigation and collection, this amount is fair and reasonable. *See, Rodriguez-Hernandez v. K Bread & Co.*, No. 15-cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement will also enable Plaintiffs to avoid the burden of testifying and provides some protections for the Plaintiffs to make sure the Defendants make the required payments.

<u>Avoidance of Anticipated Burdens and Expenses</u>

If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F. Supp. 2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the Plaintiff…against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). In

light of the totality of the circumstances, including the Defendants' documentary evidence and the threat of bankruptcy, the settlement represents a reasonable compromise of the bona fide disputes in this matter. The settlement eliminates risks and ensures that the Plaintiff will recover most of his alleged damages.

### Litigation Risks

Importantly, Plaintiffs' maximum claimed recovery would be far from inevitable had this case proceeded to trial. Defendants produced a spreadsheet which they state show the number of hours each of the Plaintiffs worked beginning in 2018. If these records were taken as true, they would substantially reduce the Plaintiffs' recovery. This documentation makes the amount of post-trial recovery uncertain. Settlement permits the Plaintiff to avoid the risk of obtaining no recovery or substantially reduced recovery at trial. *See, Gomez v. Bogopa Madison LLC*, No. 17-CV-5006 (RA), 2017 U.S. Dist. LEXIS 211003, at *4-5 (S.D.N.Y. Dec. 21, 2017). Lastly, there are also concerns about collectability.

### Whether the Settlement Agreement is the Product of Arm's-Length Bargaining

A "presumption of fairness, adequacy and reasonableness may attach to a…settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted). The Parties participated in arm's length settlement discussions in order to arrive at this settlement. These discussions occurred privately and later before the Honorable Magistrate Judge Gold. As such, because the settlement involves a clear and bona fide wage dispute in contested litigation, which was resolved through an arm's-length settlement process, it should be granted judicial approval. Moreover, the Agreement itself is limited to Plaintiff's wage and hour and related claims and does not contain a confidentiality provision.

### Possibility of Fraud or Collusion

This settlement was reached after intensive negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. Moreover, the Plaintiffs stopped working for the Defendants long before this litigation commenced, so there was no opportunity for direct collusion between the adverse parties. Lastly, the parties mediated this action before a Magistrate Judge who helped the parties resolve this action. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement.

### IV. Plaintiff's Counsel is Entitled to a Reasonable Fee of One-Third of the Settlement Amount

Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering the unpaid wages and statutory violations under the FLSA and NYLL. Under the retainer agreement between Plaintiffs and their counsel, Plaintiffs' counsel is entitled to a one third fee on the gross recovery of Fifty Thousand Dollars and Zero Cents ($50,000.00) which equates to Sixteen Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($16,666.67), plus the out of pocket costs and disbursements, which total $565.00, consisting of the filing fee and service of process. After speaking with the Plaintiffs, we have waived our right to out of pocket disbursements in this action instead receiving a total of one third of the settlement amount.

Although the undersigned fully recognizes the Court's prerogative to evaluate the attorneys' fee arrangement in a FLSA matter, not all courts in this circuit have read the *Cheeks* decision to require this assessment. *See Gutierrez v. 352 East 86th St. Rest. Inc.*, 2016 U.S. Dist. LEXIS 23967, *3-4 n. 1 (S.D.N.Y Feb. 19, 2016) ("I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counselor to alter the freedom of contract between a client and his attorney"). The foregoing notwithstanding, the undersigned submits as follows in support of the requested fee:

Plaintiffs' counsel is entitled to reasonable attorneys' fees to compensate for work in recovering alleged withheld compensation in this action. I have personally expended 62.5 hours in the prosecution of this case. *See* Exhibit 2, Attorney Kumar's time records.

"To determine the quality of representation, courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 U.S. Dist. LEXIS 9144, at *31 (S.D.N.Y Jan. 31, 2007) (citing *In re Global Crossing and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004)).

I have been an associate with the Law Offices of William Cafaro since 2013. I earned my B.B.A. with dual concentrations in Finance and Computer Information Systems, cum laude, from George Washington University in 2005 and a J.D from Hofstra University School of Law in 2012. While in law school, I worked as a law clerk for several employment law firms, including Schwartz & Perry, LLP and Outten & Golden LLP. Also, while in law school, I was a judicial intern for United States Magistrate Judge Ronald L. Ellis (ret.) of the Southern District of New York. I was admitted to practice in the state courts of New York and New Jersey in 2013 and later that same year I was admitted to practice before the Southern and Eastern Districts of New York. Since being admitted in 2013, I have focused primarily on plaintiffs' employment matters in both wage and hour matters as well as discrimination actions. Further, while working at the Law Offices of William Cafaro, I have had the opportunity to second chair several successful wage and hour actions through trial. *See, e.g. Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, 14-cv-5269 (ARR) (JO), 2016 U.S. Dist. LEXIS 127425 (E.D.N.Y Sept. 19, 2016).

I also prevailed in a wage and hour case which I tried in the Southern District of New York, *Cajamarca v. Yerina Restaurant Corp., et al.*, No. 15-cv-08244 (GHW). I have also been selected to the New York Super Lawyer's Rising Star List for the years 2017, 2018, and 2019. Moreover, I

am an officer of the South Asian Bar Association of New York as well as a member of the National Employment Lawyers Association – New York Chapter. My normal hourly rate for wage and hour actions is $275.00 per hour and the Plaintiffs are requesting this rate for my work in this case. This rate is reasonable based on my experience. *See, Solnin v. Sun Life & Health Ins. Co.,* No. 08-cv-2759 (DRH)(AYS), 2018 U.S. Dist. LEXIS 168047, at *9 (E.D.N.Y. Sep. 28, 2018) (awarding mid-level associate with 5 years of experience a rate of $275 and noting proper rate for senior associates is up to $325 per hour and for experienced partners is between $300-$450 per hour in this district); *Remache v. Mac Hudson Grp.*, No. 14 CV 3118 (AMD)(RML), 2018 U.S. Dist. LEXIS 154099, at *63 (E.D.N.Y. Sep. 7, 2018) (In a FLSA default action awarding an hourly rate of $275.00 for associates with 4-9 years of experience).

At the requested rate, the total lodestar is $17,187.50. Under the retainer agreement, Plaintiffs' counsel is entitled to receive Sixteen Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($16,666.67). As such, the lodestar represents uncompensated work for Plaintiffs' counsel.

### V.   Conclusion

For the reasons set forth above the Parties jointly request that the Court approve the settlement as reflected in the Agreement. Plaintiff further requests that the Court approve the attorneys' fee award reflected in the Agreement as fair and reasonable.

> Respectfully Submitted,
> LAW OFFICE OF WILLIAM CAFARO
>
> _____
> By:   Amit Kumar, Esq (AK 0822)
> *Attorneys for Plaintiffs*
> 108 West 39th Street, Suite 602
> New York, NY 10018
> 212-583-7400
> Akumar@Cafaroesq.com

CC:
All Attorneys of Record (via ECF)