# EXHIBIT 1

## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release Limited (hereinafter, the "Agreement") is entered into by and between Monica Franco, Roger Alvarez & Katherine Lopez ("Plaintiffs") and defendants Galvis & Musa, Corp. And Maria Galvis (together, the "**Defendants**") (together Plaintiffs and Defendants shall be referred to as the "Parties"). Specifically excluded from this Agreement is non-answering defendant Zulma Musa.

### RECITALS

**WHEREAS**, on July 1, 2019, Plaintiff Monica Franco by and through her attorneys the Law Offices of William Cafaro ("Plaintiffs' Counsel") filed a civil action captioned Franco v. Galvis & Musa Corp, et al, in the United States District Court for the Eastern District of New York (the "Court"), Case No.: 19-cv-3828 (the "Action");

**WHEREAS**, Plaintiffs Alvarez and Lopez, each filed a consent to join this action on July 1, 2019; and

**WHEREAS**, Plaintiffs claimed in the Action, among other things, violations by the Defendants of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"); and

**WHEREAS**, the Defendants deny that they violated any federal, state or local law, ordinance, rule or regulation, or any duty whatsoever, whether based in statute, common law or otherwise, and they expressly deny any such liability or violation to Plaintiff; and

**WHEREAS**, the Parties participated in a settlement conference in the Action with Honorable Steven M. Gold, U.S.M.J on August 20, 2020, and reached a settlement in order to resolve the Action as to the Defendants only and as reflected in a Memorandum of Understanding accepted by the Parties at the conclusion of the mediation; and

**WHEREAS**, the Parties desire to memorialize the complete terms of their settlement via this Agreement; and

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of the Action:

1.     **Recitals**. The Parties acknowledge that all of the "WHEREAS" clauses in the preceding paragraphs are incorporated herein as material parts of this Agreement.

2.     **Consideration**. In consideration for the promises that the Plaintiffs have made in this Agreement, the Defendants shall pay the total gross sum of Fifty Thousand Dollars and Zero

1

Cents ($50,000.00), which includes attorneys' fees and costs (the "Settlement Amount") as follows:

(a) On or before September 18, 2020, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2, 777.78) (the "First Settlement Payment")

  (i) One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

  (ii) One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

  (iii) One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

  (iv) One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

  (v) One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

  (vi) One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

  (vii) One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents

($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(b)     On or before October 31, 2020, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Second Settlement Payment")

(i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)   One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)   One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents

3

($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(c)  On or before November 30, 2020, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Third Settlement Payment")

(i)   One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)  One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii) One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)  One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)   One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)  One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii) One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents

($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(d)    On or before December 31, 2020, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Fourth Settlement Payment")

(i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(e)    On or before January 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Fifth Settlement Payment")

(i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(f)     On or before February 28, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Sixth Settlement Payment")

    (i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

    (ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (iii)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (iv)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (vi)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

    (vii)     One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(g)  On or before March 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Seventh Settlement Payment")

   (i)  One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

   (ii)  One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

   (iii)  One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

   (iv)  One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

   (v)  One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

   (vi)  One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

   (vii)  One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(h)     On or before April 30, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Eighth Settlement Payment")

    (i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

    (ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (iii)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (iv)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (vi)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

    (vii)     One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(i)    On or before May 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Ninth Settlement Payment")

    (i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

    (ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (v)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

    (vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(j)     On or before June 30, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Tenth Settlement Payment")

(i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)   One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)   One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(k)     On or before July 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Eleventh Settlement Payment")

    (i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

    (ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (iii)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (iv)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (vi)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

    (vii)     One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(l)     On or before August 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Twelfth Settlement Payment")

    (i)      One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

    (ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (iv)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    (v)      One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

    (vi)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

    (vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(m)    On or before September 30, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Thirteenth Settlement Payment")

(i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(n)    On or before October 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Fourteenth Settlement Payment")

(i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing

payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)   One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(o)    On or before November 30, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Fifteenth Settlement Payment")

(i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)    One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(p)    On or before December 31, 2021, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Sixteenth Settlement Payment")

(i)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)    One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing

payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)   One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)   One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)   One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)   One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)   One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(q)   On or before January 31, 2022, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Eight Cents ($2,777.78) (the "Seventeenth Settlement Payment")

(i)   One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)   One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Eight Cents ($284.08), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Four Cents ($382.04), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)     One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety Three Cents ($925.93), representing payment for Plaintiffs' attorneys' fees and costs.

(r)     On or before February 28, 2022, Defendants shall make a payment of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Four Cents ($2,777.74) (the "Eighteenth Settlement Payment")

(i)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty One Cents ($259.81), less all applicable tax withholdings and deductions, representing payment for Ms. Franco's claims for alleged economic damages including, but not limited to, unpaid wages;

(ii)     One check payable to "Monica Franco" in the amount of Two Hundred Fifty Nine Dollars and Eighty Two Cents ($259.82), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(iii)     One check payable to "Katherine Lopez" in the amount of Two Hundred Eight Four Dollars and Seven Cents ($284.07), less all applicable tax withholdings and deductions, representing payment

for Ms. Lopez' claims for alleged economic damages including, but not limited to, unpaid wages;

(iv)    One check payable to "Katherine Lopez" in the amount of Two Hundred Eighty Four Dollars and Seven Cents ($284.07), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

(v)     One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), less all applicable tax withholdings and deductions, representing payment for Mr. Alvarez' claims for alleged economic damages including, but not limited to, unpaid wages;

(vi)    One check payable to "Roger Alvarez" in the amount of Three Hundred Eighty Two Dollars and Three Cents ($382.03), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(vii)   One check payable to "William Cafaro, PC" in the total amount of Nine Hundred Twenty Five Dollars and Ninety One Cents ($925.91), representing payment for Plaintiffs' attorneys' fees and costs.

**3.      Settlement Payment.  Each Settlement Payment shall be delivered to Plaintiffs' Counsel in the care of Amit Kumar, Esq., 108 West 39th Street, Suite 602, New York, New York 10018 on or before the due date.  The Parties agree that only certified checks, cashier's checks, and money orders are acceptable forms of payment.  Plaintiffs' Counsel shall hold all Settlement Payments in escrow until the Court deems the Agreement fair and reasonable pursuant to *Cheeks v. Freeport Pancake House* and dismisses the Action against the Defendants.  After such decision has been entered, Plaintiffs' Counsel shall release any held Settlement Payments to Plaintiffs.Tax Characterization.**

(a)     For tax purposes, a portion of the payments in Section 2 shall be treated as unpaid wages, for which an IRS Form W-2 shall be issued to each Plaintiff, and a portion of the payments in Section 2 shall be treated as liquidated damages, punitive damages, and/or statutory interest, for which an IRS Form 1099 shall be issued to each Plaintiff. Plaintiff shall provide to Defendants, simultaneously with the execution of this Agreement, completed and executed IRS Forms W-4 and W-9, as well as a completed and executed IRS Form W-9 for his attorneys.  No payment shall be issued to the Plaintiffs under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.  Anything in this Agreement notwithstanding, the lack of an IRS Form W-4 or an IRS Form W-9 shall not delay the delivery of any Settlement Payment to Plaintiffs' Counsel under this Agreement.

19

(b)     Payments treated as unpaid wages pursuant to Section 2 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and the employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2.  Payments treated as liquidated damages, punitive damages, and/or statutory interest pursuant to Section 2 shall be made without withholdings and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099.  Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 2 shall be made to Plaintiff's counsel without withholdings and reported on an IRS Form 1099 under the payee's name and taxpayer identification number.

(c)     Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Section 2.  Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount.  Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as liquidated damages, punitive damages, and/or statutory interest reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's counsel under this Agreement.

(d)     Plaintiff acknowledges and agrees that, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 2, Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.  Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 2.

(e)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiff.

    5.     **Default**.

In the event that any Settlement Payment is not received by the office of Plaintiffs' Counsel by the close of business on the day they are due, or if any check given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Joshua D. Levin-Epstein Esq. and Jason Mizrahi Esq. via first class mail and email to joshua@levinepstein.com, and jason@levinepstein.com of Defendants' alleged default.  Said notice of default shall be deemed received one (1) day after it is mailed. In the event that Defendants fail to cure said late payment(s) or dishonor of any such payment(s) within five (5) business days of being notified of same, they shall be in default.  The Parties agree that Defendants shall only be entitled to three (3) notices to

cure. After any such default which is not timely cured, or where three notices to cure have already been sent to Defendants' counsel, the Plaintiffs may enter judgment against the Defendants, and each of them, jointly and severally, pursuant to the Confession of Judgment appended hereto as Exhibit "B," in the amount of 150% of the unpaid balance of the Settlement Amount prior to the default along with attorneys' fees and costs associated with the default and collection of the amounts owed. After any such default which is not timely cured, the Plaintiffs may file the UCC lien on the Individual Defendant's interest in the cooperative apartment reflected in Exhibit "C," in the amount of 150% of the unpaid balance of the Settlement Amount prior to default. If any signature of the Individual Defendant is required in order to perfect the contemplated lien pursuant to Article 9 of Uniform Commercial Code, such document shall be completed, signed by the Individual Defendant, and promptly delivered to Plaintiffs' Counsel to be held in escrow in accordance with the provisions of this Agreement. It is understood and acknowledged that if the Plaintiffs had prevailed in this litigation, and if the key issues of law and fact had been resolved in their favor, that the amount they could potentially have recovered, together with attorneys' fees and costs, may have been well in excess of 150% of the Settlement Amount. In light of the foregoing, the Defendants acknowledge neither this provision nor the appended Confession of Judgment or UCC lien constitute a penalty or forfeiture under the New York substantive law of contract, and after consultation with their counsel, they irrevocably warrant and covenant that no such argument shall ever be made in opposition to any motion for entry of judgment, foreclosure of the lien or for related relief, nor shall any such argument be made in support of any motion to vacate any default. It is also understood that this default provision was an essential condition for extending the Defendants' time to make payment hereunder, and Plaintiffs insisted upon this provision to ensure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

6.    **Plaintiffs' Counsel's Escrow**.  At time of execution, Defendants shall deliver copies of the Confession of Judgment with original ink signature.  Plaintiffs' Counsel shall hold the Confession of Judgment as well as the UCC lien in escrow until such time that Defendants' default, after any applicable notice and cure period(s)

7.    **Cooperation**.  Counsel for the Parties shall cooperate and take all reasonably necessary steps to arrange for the Court's approval of the Agreement and entry of the Order of Dismissal.  In connection with this Agreement, Plaintiffs specifically agree to discontinue and dismiss with prejudice the Action as to the Defendants only.  Counsel for the parties herein shall execute the Stipulation of Dismissal appended hereto as Exhibit "A."

8.    **Limited Release of Defendants by Plaintiffs**.

a)   In return for the Settlement Amount that is the subject of this Agreement, Plaintiffs to dismiss the Action as to the Defendants only, with prejudice, and release, waive, acquit and forever discharge Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, and representatives ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is

21

executed, which the Plaintiffs may have or claim to have against any of the Released Parties regarding any matter in connection with the payment of minimum wages, overtime wages, spread of hours, and/or recordkeeping violations, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

b) Excepted from this release is any claim or right that cannot by waived by law.

c) Specifically excluded from this release is the non-answering defendant, Zulma Musa.

**9.    Binding Nature of Agreement**.  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

**10.    Representations and Acknowledgements**.  The undersigned hereby expressly state that they have fully consulted with their respective legal counsel, prior to executing this Agreement, and are executing this Agreement of their own free will after full consultation with their respective legal counsel.  By signing this Agreement, Defendants acknowledge and that they have been advised by their counsel and understand and agree that failure to fully and timely pay the settlement amount will result in further litigation where the Defendants have agreed to pay more than the settlement amount and the Plaintiffs' attorneys' fees and costs.  Having elected to execute this agreement, to obtain the releases, promises and benefits set forth above, defend freely and knowingly, and after due consideration and consultation with their counsel, enter into this agreement intending to bind themselves to all obligations and potential consequences for non-payment of any amounts required to be paid hereunder.

**11.    No Admission of Wrongdoing or Liability**.  It is expressly understood that this Agreement, and compliance with this Agreement, is not and shall not be deemed to be or construed as an admission by the Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity.  Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into by the Parties solely to avoid the burden, expense, delay and uncertainty of further litigation. The Defendants expressly deny any wrongdoing of any kind with respect to Plaintiffs.

**12.    Governing Law and Jurisdiction**.

This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York.  The Parties agree that any litigation to enforce this Agreement shall be brought in the United States District Court for the Eastern District of New York ("District Court").  If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in New York State Supreme Court, County of New York or Civil Court of the City of New York, County of New York (depending on monetary value) and this provision shall be treated as a valid venue selection

provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason. Defendants are providing an Affidavit of Confession of Judgment in connection with this Agreement. The Parties agree that a judgment may be entered in any such state court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

13. **Notices**. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Amit Kumar, Esq.
Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, New York 10018
Tel: (212) 583-7400
Email: akumar@cafaroesq.com

To Defendants:

Joshua D. Levin-Epstein, Esq.
Jason Mizrahi, Esq.
Levin-Epstein, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Office Number: (212) 792-0046
Email: jason@levinepstein.com
joshua@levinepstein.com

14. **Interpretation**. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective counsel and shall not be construed against the "drafter" of the Agreement.

15. **Modification of Agreement**. This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

16. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

17. **Headings**. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

18. **Signatures in Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or PDF, of any party's signature shall be deemed as legally binding as the original signatures.

23

19.    **Effective Date and Revocation**.  This Agreement shall become effective on the day that it is approved by the Court.


**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**


_____                    _____
MONICA FRANCO                                KATHERINE LOPEZ


Dated: _____                    Dated: _____


**AGREED AND ACCEPTED:**


_____
ROGER ALVAREZ


Dated: _____


**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED**

GALVIS & MUSA, CORP.

X _____                    X _____
By: ____ MARIA GALVIS                        MARIA GALVIS
Dated: ____ 9/11/2020

24

19.     **Effective Date and Revocation**.  This Agreement shall become effective on the day that it is approved by the Court.


**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**

_____                        _____
MONICA FRANCO                                KATHERINE LOPEZ


Dated: _____                         Dated: 09/11/2020


**AGREED AND ACCEPTED:**


_____
ROGER ALVAREZ


Dated: _____


**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED**

GALVIS & MUSA, CORP.


_____                        _____
By: _____                            MARIA GALVIS

Dated: _____

24

19. **Effective Date and Revocation**. This Agreement shall become effective on the day that it is approved by the Court.

**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**

_____                    _____
MONICA FRANCO                               KATHERINE LOPEZ

Dated: _09 / 11 / 2020_                     Dated: _____


**AGREED AND ACCEPTED:**


_____
ROGER ALVAREZ


Dated: _____



**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED**

GALVIS & MUSA, CORP.


_____                    _____
By: _____                        MARIA GALVIS

Dated: _____

24

     **19.**    <u>**Effective Date and Revocation**</u>.  This Agreement shall become effective on the day that it is approved by the Court.


     **WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**


_____                    _____
MONICA FRANCO                              KATHERINE LOPEZ


Dated: _____                     Dated: _____


**AGREED AND ACCEPTED:**


_____
ROGER ALVAREZ

Dated: 09 / 10 / 20


**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED**

GALVIS & MUSA, CORP.


_____                    _____

By: _____                        MARIA GALVIS

Dated: _____

24

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MONICA FRANCO On Behalf of Herself and                    Case No:19-cv-03828
All Others Similarly Situated,

                            Plaintiffs,

            vs.

GALVIS & MUSA, CORP. d/b/a DELICIAS
TROPICAL RESTAURANT, ZULMA MUSA
and MARIA GALVIS,
                                    Defendants.
-----------------------------------------------------------------X


**PARTIAL STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANTS GALVIS & MUSA, CORP. AND MARIA GALVIS ONLY**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, through their respective counsel, that the above action be and is hereby dismissed as to Defendants Galvis & Musa Corp and Maria Galvis only with prejudice, without costs to either party.

The Court shall retain jurisdiction over the settlement for the purposes of the enforcement of the provisions thereof.

Dated: New York, New York
        September 15        , 2020

LAW OFFICES OF WILLIAM CAFARO            LEVIN-EPSTEIN & ASSOCIATES, P.C.


  /s/ Amit Kumar
_____        _____
Amit Kumar, Esq.                         Joshua D. Levin-Epstein, Esq.
*Attorneys for Plaintiff as well as the*  Jason Mizrahi, Esq.
*Putative Class and Collective*           *Attorneys for Defendants Galvis & Musa*
108 West 39th Street, Suite 602           *Corp. and Maria Galvis*
New York, NY 10018                        420 Lexington Avenue, Suite 2525
Office Number: (212) 583-7400             New York, NY 10170
                                          Office Number: (212) 792-0046

26

SO ORDERED:

Dated:

_____

1

# EXHIBIT B

57438/0005-20934634v1

# EXHIBIT C

57438/0005-20934634v1